**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**CHRISTOPHER D. ROCKMAN JR.,** Plaintiff,

v.

OPENAI, INC.; OPENAI OPCO, LLC; SAM ALTMAN; and GREG BROCKMAN, Defendants.

**Case No. [To be Assigned]**



FILED
APR 08 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

CV26-03028 SK

# COMPLAINT FOR TRADE SECRET MISAPPROPRIATION

Plaintiff Chris Rockman, proceeding pro se, brings this complaint against OpenAI, Inc., Sam Altman, and other relevant parties, alleging trade secret misappropriation and seeking damages and equitable relief. Plaintiff states as follows:



# PARTIES:

1. Plaintiff Chris Rockman is an individual residing in California.
2. Defendant OpenAI, Inc. is a corporation headquartered in California that develops and distributes artificial intelligence technologies and services used throughout the United States and internationally in interstate commerce.
3. Defendant Sam Altman is the Chief Executive Officer of OpenAI, Inc. and OpenAI OpCo LLC. and resides in San Francisco, California.
4. Defendant OpenAI OpCo LLC is a limited liability company organized under Delaware law with its principal place of business in San Francisco, California.
5. Defendant Greg Brockman is a resident of San Francisco, California, and is the President and Co-Founder of OpenAI, Inc. and OpenAI OpCo LLC.

# JURISDICTION AND VENUE:

5. This Court has jurisdiction under 28 U.S.C. § 1331 and the Defend Trade Secrets Act (18 U.S.C. § 1836) due to claims involving trade secret misappropriation under federal law.
6. Venue is proper in this district under 28 U.S.C. § 1391 as the defendants conduct substantial business in this district and the alleged events giving rise to the claims occurred here.

# FACTUAL BACKGROUND:

7. In or around 2015, Plaintiff disclosed a proprietary concept involving infinite hierarchical categorization of information using virtually infinite folders and subfolders for AI categorization, while speaking to an employee at a chatbot startup on Castro Street, Mountain View, CA.
8. Plaintiff asserts that this idea is foundational to modern AI systems, including transformer-based architectures utilized in AI models.
9. Plaintiff developed this concept independently through his work with Zabaware Ultra Hal and personal study since 2009, identifying that hierarchical categorization is essential for AI's information sorting and processing capabilities.
10. Plaintiff claims that his idea was disclosed in a non-public setting and was later used without his permission in AI technologies, violating the Defend Trade Secrets Act.
11. Additionally, Plaintiff disclosed another proprietary concept involving Adaptive Task Automation (ATA), an AI-driven system that dynamically controls a computer to perform tasks through real-time context awareness, prioritization, and feedback loops.

# CAUSE OF ACTION

## TRADE SECRET MISAPPROPRIATION (18 U.S.C. § 1836)

12. Plaintiff realleges all prior paragraphs as though fully set forth herein.
13. Plaintiff possessed a trade secret in the form of the hierarchical categorization method disclosed.
14. The trade secret was disclosed under circumstances creating an obligation to maintain its secrecy.
15. Defendants misappropriated the trade secret by using the disclosed method in the development of AI models without authorization or compensation.
16. The trade secret described above derives independent economic value from not being generally known and from its potential use in artificial intelligence systems and technologies that operate in interstate commerce throughout the United States and globally.

# RELIEF SOUGHT:

WHEREFORE, Plaintiff requests the following relief:

A. An award of $160 billion / 25% OpenAI equity in compensation for trade secret misappropriation, and 2% of annual revenue after spending so Plaintiff does not need to sell the stock unless desired. Also the remaining 75% equity unlocked after ruling to investors and contributors/causes.

B. Declaratory relief acknowledging Plaintiff's contribution to AI technology.

C. Plaintiff expressly states that he does not seek a cease-and-desist order or injunction that would disrupt operations but rather compensation and acknowledgment.

D. Attorney's fees and costs if applicable.

E. Any other relief deemed just and proper by the Court.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

# WITNESSES AND EVIDENTIARY SUPPORT

Plaintiff intends to call witnesses and seek testimony from individuals with knowledge relevant to the development of modern AI architectures, including but not limited to members of the Google Brain team associated with the paper Attention Is All You Need, including:

- Ashish Vaswani
- Noam Shazeer
- Niki Parmar
- Jakob Uszkoreit
- Llion Jones
- Aidan Gomez
- Łukasz Kaiser
- Illia Polosukhin

Plaintiff may also seek testimony from other experts and contributors in the field, including:

- Geoffrey Hinton
- John Hopfield

Plaintiff reserves the right to amend this witness list as discovery proceeds.

3

# STATEMENT OF CONTRIBUTION:

Plaintiff further wishes to state:

"I realized true AI would be a machine that categorizes information better than a few folders and subfolders — one that has **deeper categorization properties with many layers of hierarchical nodes or folders** and something to categorize it into all nodes of **comparison and contrast**. This was my idea for many years. While I did not invent the categorizer, I contributed to AI significantly by unveiling this concept when I told somebody at a chatbot startup on Castro Street in Mountain View.

Back then these bots were simple; they all did the same thing as Ultra Hal, and I told them to make **INFINITE DEEP FOLDERS AND SUBFOLDERS** and a better way to categorize it, and they did. Also, I recently told Sam Altman by email that it should control the computer to make software by having it respond at timed intervals or after analyzing what it needs to do next, and this reaffirms my presence here.

I spent a lot of my life and time in Silicon Valley and I keep paving the way by coming up with new ideas for AI all the time anyway whether Google is spying on me or not and basically I think those guys in the startup on Castro St. Mountain View CA were like working for Google Brain and then they made the paper "Attention Is All You Need". I mean they say it's tokens and one layer but it's essentially **categorizing it into infinite folders and subfolders** and the brain team just made the organizer really, not the idea for infinite folders and subfolders — that was my idea.

That's central to the operation of AI no matter what. The amount of tokens method is the same as folders and subfolders. But instead of folders and subfolders it's just got a serialized token number. It's a **digitized version of infinite folders and subfolders that they call attention — all you need is infinite folders and subfolders** (AKA attention). That's what I said to them in 2015 and that's why it's the name of the paper.

I believe that if you ask the team at Google Brain they can confirm my statement is true. Just yell **'PROPELLER BIKE GUY SAID ALL YOU NEED IS INFINITE FOLDERS AND SUBFOLDERS FOR AI TO WORK'** to them and they will verify it, and Elon Musk and Sam Altman and all those guys. Maybe they thought greg brockman was the all you need is infinite folders and subfolders guy, nope it was me, chris rockman.

I expect their testimonial as they know that I am the true inventor. They all know it was my idea. It's like my gold strike.

I want the investors and people that invented it and contributed to it besides me to have stake in OpenAI only if I win this lawsuit also and so I put in the lawsuit demand that they will also be paid from the other 75% of the company only if I, the true inventor, win the lawsuit based on their contribution and investment.

And I want to give the Google Brain team some money too — the guys that worked on the project — and the **LLM Nobel Prize guy too**. They should each be awarded 1.2 - 10

4

billion dollars in shares from the employee equity each if I win. A special thank you from me.

I know that they're all waiting for me to come forward and stake my claim before they divvy up the equity, because I invented it by telling them this way."

**Google Brain Team:**

• Ashish Vaswani
• Noam Shazeer
• Niki Parmar
• Jakob Uszkoreit
• Llion Jones
• Aidan Gomez
• Łukasz Kaiser
• Illia Polosukhin

**The LLM training Nobel Prize laureates:**

• Geoffrey Hinton — deep learning pioneer
• John J. Hopfield

**also everybody else that worked on it should divide something like 20% among themselves so the openai team and those guys. I think they already took out 6% for themselves.**

**Heres my chart for them to divvy it up**

**Me- 25% / 160bn$**

**employees, 25% (-6% since they already took out 6%)**

**-early employees more and employees**
**-elon musks 38 million dollar early investment and current value estimate**
**-the google brain team needs 1.2 - 10 billion each from it**

**investors, 17%**

**microsoft, 26%**

**and the remainling 7% can be the new nonprofit section is my vote.**

Some of my new ideas for gpt ai are mass training it on boolean functions and if-thens for robotics and pc control, mass training on video feed pc and robotics control, video feed pccontrol/ os control, and self integration, where it upgrades, trains and creates itself. Also vr job control and training of the gpt robots using vr and integrated haptics for employees, and camera hats for employee robot training. And the employees can own or invest in the robots to revieve a payout from them and the government can adjust taxes on the robots payouts and welfare payments/ social security payments to people from working robots proportionate to the % amount of robot workers in the country/ united states.
"

Respectfully submitted,

Dated: March 21, 2026

Christopher D. Rockman Jr.

Pro Se Plaintiff

3337 Fairfax Ct.

Merced, CA 95348