United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER D. ROCKMAN,
Plaintiff,

v.

OPENAI INC., et al.,
Defendants.

Case No. 26-cv-03028-SK

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Regarding Docket No. 22

This matter comes before the Court upon consideration of the motion to dismiss filed by Defendants OpenAI, Inc., OpenAI OpCo, LLC, Sam Altman, and Greg Brockman (collectively, "Defendants"). (Dkt. No. 22.) All parties have consented to magistrate judge jurisdiction. (Dkt. Nos. 11, 18, 21.) This Court has subject matter jurisdiction under 28 U.S.C. § 1331. Upon careful consideration of the parties' papers, relevant legal authority, and case record, the Court GRANTS Defendants' motion for the reasons set forth below.

**BACKGROUND**[1]

Plaintiff Christopher D. Rockman ("Plaintiff"), proceeding pro se, commenced this action against Defendants asserting a single cause of action: misappropriation of trade secrets in violation of the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq*. (Dkt. No. 1, Complaint, ¶¶ 12–16.)

Plaintiff seeks $160 billion dollars in damages and declaratory relief for Defendants' alleged misappropriation of Plaintiff's trade secrets. (*Id.* at 3.)[2] Plaintiff alleges that in 2015, he disclosed a "proprietary concept involving infinite hierarchical categorization of information using

[1] The following factual allegations from Plaintiff's Complaint are accepted as true for purposes of the motion to dismiss before the Court.

[2] All citations to page numbers in docket filings refer to ECF-generated page numbers.

virtually infinite folders and subfolders for AI categorization." (*Id.* ¶ 7.) He disclosed this alleged trade secret to "an employee at a chatbot startup on Castro Street, Mountain View, CA." (*Id.*) Plaintiff claims he disclosed his idea in a private setting, which was later used without his permission in AI technologies. (*Id.* ¶ 10.) Plaintiff contends that this "proprietary concept" is "foundational to modern AI systems, including transformer-based architectures utilized in AI models." (*Id.* ¶ 8.) He asserts that he "developed this concept independently through his work with Zabaware Ultra Hal and personal study since 2009, identifying that hierarchical organization is essential for AI's information sorting and processing capabilities." (*Id.* ¶ 9.)

Plaintiff also appears to allege a second trade secret: a "proprietary concept involving Adaptive Task Automation (ATA), an AI-driven system that dynamically controls a computer to perform tasks through real-time context awareness, prioritization, and feedback loops." (*Id.* ¶ 11.) Plaintiff further alleges he emailed Defendant Sam Altman that he "should control the computer to make software by having it respond at timed intervals or after analyzing what it needs to do next." (*Id.* at 4.)

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 22.) Plaintiff opposed and Defendants filed a reply in support of their motion. (Dkt. Nos. 25, 28.)

## ANALYSIS

### A. Request for Judicial Notice.

Before turning to the merits, the Court addresses Defendants' request for judicial notice. In support of their motion to dismiss, Defendants attached the declaration of Joshua A. Baskin and a corresponding exhibit of an article titled *Attention Is All You Need* (hereinafter the "Article"). (Dkt. No. 22-1.) The Court construes Defendants' inclusion of a declaration and exhibit as a request for judicial notice. Plaintiff did not oppose Defendants' request for judicial notice.

Generally, a court may not consider material beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The only exceptions to this rule are documents that are the subject of judicial notice, appended to the complaint, or incorporated by reference. *Id.* A court may take judicial notice of a fact "not

subject to reasonable dispute" because it either (1) "is generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court GRANTS Defendants' request for judicial notice but only takes judicial notice of the fact that the article titled *Attention Is All You Need* was published on the date of the article. Plaintiff refers to the article in his Complaint, (Dkt. No. 1 at 4). This article is publicly available and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).

**B. Legal Standard.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted. On a Rule 12(b)(6) motion to dismiss, the court construes the allegations in the complaint in the light most favorable to the nonmoving party and takes as true all material allegations in the complaint. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of [their] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted, cleaned up). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *id.* at 556–57). If the complaint allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*,

507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." *Id.* A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

**C. Defendants' Motion to Dismiss.**

Defendants move to dismiss on the grounds that Plaintiff: (1) lacks standing to bring his DTSA claim because he fails to identify a trade secret; and (2) fails to allege that OpenAI misappropriated his alleged trade secret. (Dkt. No. 22 at 8–12; Dkt. No. 28 at 1–5.) The Court agrees.

**1. Plaintiff fails to establish ownership of a trade secret.**

Under the DTSA, "[a]n owner of a trade secret that is misappropriated may bring a civil action." 18 U.S.C. § 1836(b)(1). To succeed on a DTSA claim, "a plaintiff must prove: (1) that the plaintiff possessed a trade secret[;] (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020); *see also* 18 U.S.C. §§ 1836(b)(1), 1839(3)–(5).

"Under federal law, [a] plaintiff must show that it is the owner of the alleged trade secret[]." *RoadRunner Recycling, Inc. v. Recycle Track Sys., Inc.*, No. C 23-04804 WHA, 2024 WL 4876947 (N.D. Cal. Nov. 23, 2024) (citation and quotation marks omitted). "To prove ownership of a trade secret, plaintiffs must identify the trade secrets and carry the burden of showing they exist." *InteliClear*, 978 F.3d at 658 (citation and quotation marks omitted). It therefore follows that a non-owner lacks standing to bring a trade secret misappropriation claim under the DTSA. *See* 18 U.S.C. § 1836(b)(1).

Defendants argue that Plaintiff fails to identify a trade secret in his Complaint. (Dkt. No. 22 at 8–9.) Defendants further assert that Plaintiff fails to establish ownership of a trade secret and

in fact, admits that he did not invent the alleged trade secret. (*Id.* at 9–10.)[3]

Plaintiff alleges that in 2015, he disclosed a "proprietary concept involving infinite hierarchical categorization of information using virtually infinite folders and subfolders for AI categorization." (Dkt. No. 1, Complaint, ¶ 7.) He asserts that he "developed this concept independently through his work with Zabaware Ultra Hal and personal study since 2009, identifying that hierarchical organization is essential for AI's information sorting and processing capabilities." (*Id.* ¶ 9.) Plaintiff also appears to allege a second trade secret: a "proprietary concept involving Adaptive Task Automation (ATA), an AI-driven system that dynamically controls a computer to perform tasks through real-time context awareness, prioritization, and feedback loops." (*Id.* ¶ 11.)

The Court finds that Plaintiff has not provided information in his Complaint demonstrating ownership of a trade secret nor a description of the alleged trade secrets with sufficient particularity. A "plaintiff need not spell out the details of the trade secret" in their complaint. *Lamont v. Krane*, No. 5:18-CV-04327-EJD, 2019 WL 2113903, at *3 (N.D. Cal. May 14, 2019) (citation and quotation marks omitted). A plaintiff, however, "must prove that the claimed trade secret has *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons ... skilled in the trade." *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081 (9th Cir. 2025) (internal citations and quotation marks omitted).

Plaintiff's "proprietary concept involving infinite hierarchical categorization of information using virtually infinite folders and subfolders for AI categorization" does not meet this standard. Plaintiff's description does not clearly refer to tangible trade secret material. Rather, Plaintiff's allegations are "catchall phrases" and "categories of trade secrets" related to AI systems and optimization. *InteliClear*, 978 F.3d at 658.

/ / /

[3] Defendants further contend that Plaintiff lacks standing because the publication of the article *Attention is All You Need* in 2017 extinguished Plaintiff's alleged trade secret. (Dkt. No. 22 at 10.) Because the Court declines to take judicial notice of the article, the Court only addresses Defendants' first argument regarding standing.

If Plaintiff chooses to file an amended complaint, Plaintiff must identify the specific material alleged to constitute a trade secret. Plaintiff, specifically, must "clearly refer to tangible trade secret material" instead of referring to a "system which *potentially* qualifies for trade secret protection." *See id.* (citation omitted) (emphasis in original). Furthermore, Plaintiff shall clearly indicate whether he alleges a single or multiple trade secrets. The Court cautions Plaintiff that it is inadequate for him to cite and incorporate by reference documents that purportedly reflect trade secret information. *See id.* (citing *X6D Ltd. v. Li-Tek Corps. Co.*, No. CV 10-2327-GHK (PJWX), 2012 WL 12952726, at *6 (C.D. Cal. Aug. 27, 2012)).

**2. Plaintiff fails to allege that Defendants misappropriated his trade secret.**

To demonstrate misappropriation, Plaintiff must show one of two categories: (1) wrongful acquisition of a trade secret, or (2) disclosure or use of the trade secret without consent. 18 U.S.C. § 1839(5)(A) and (B). To wrongfully acquire a trade secret, one must obtain a trade secret while having reason to know that it was obtained through "improper means." *Id.* § 1839(5)(A) ("misappropriation" means "acquisition of a trade secret by a person who knows or has reason to know that the trade secret was acquired by improper means.").

Defendants argue that Plaintiff fails to allege any facts indicating that OpenAI received any information related to his alleged trade secret. (Dkt. No. 22 at 10.) Defendants further assert that Plaintiff fails to allege that Defendants wrongfully acquired or disclosed his alleged trade secrets. (*Id.* at 11.) Finally, Defendants contend that Plaintiff fails to allege that he took reasonable measure to keep his alleged trade secret confidential. (*Id.* at 12.) The Court agrees.

Plaintiff has not shown that Defendants misappropriated his alleged trade secret. Plaintiff, specifically, has not alleged *how* Defendants wrongfully acquired or disclosed his trade secret. Plaintiff alleges that his "proprietary concept" was "used without his permission in AI technologies." (Dkt. No. 1, Complaint, ¶ 10.) Plaintiff further alleges he emailed Defendant Sam Altman that he "should control the computer to make software by having it respond at timed intervals or after analyzing what it needs to do next." (*Id.* at 4.) As to misappropriation, Plaintiff specifically alleges that "Defendants misappropriated [his] trade secret by using the disclosed method in the development of AI models without authorization or compensation." (*Id.* ¶ 15.)

The Court concludes that Plaintiff fails to allege facts connecting his broad concepts to Defendants' AI models. Plaintiff cites the article, *Attention Is All You Need*, which was published in 2017, and which disclosed his alleged trade secret, but Plaintiff does not allege that Defendants misappropriated the alleged trade secret before 2017, the date of public disclosure. Further, there are no facts to support a theory that Defendants received, let alone misappropriated Plaintiff's alleged trade secret. If Plaintiff elects to file an amended complaint, he shall clearly allege facts showing how each Defendant took actions that constituted misappropriation and whether his alleged trade secret was made publicly available.

In sum, without more, Plaintiff fails to state a claim for misappropriation of a trade secret in violation of the DTSA against Defendants.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss WITH LEAVE TO AMEND. Plaintiff may file an amended complaint to cure the deficiencies identified in this Order. An amended complaint, should Plaintiff choose to file one, is due **September 1, 2026**. If Plaintiff elects not to file an amended complaint by the deadline, the Court will dismiss Plaintiff's claim with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

The Court ADVISES Plaintiff that the district court has produced a guide for pro se litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, which provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial. It is available electronically online (https://perma.cc/ANQ4-N2ZT) or in hard copy free of charge from the Clerk's Office. The Court additionally has a website with resources for pro se litigants (https://www.cand.uscourts.gov/pro-se-litigants/). The Court further advises Plaintiff that he also may wish to seek assistance from the Legal Help Center. Plaintiff may call the Legal Help Center at 415-782-8982 or email fedpro@sfbar.org for a free appointment with an attorney who may be able to provide basic legal help, but not legal representation.

**IT IS SO ORDERED**.

Dated: August 11, 2026

SALLIE KIM
United States Magistrate Judge