FILED
OCT 02 2026
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

**NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION**

**CHRISTOPHER D. ROCKMAN, JR.,** Plaintiff,

v.

**OPENAI, INC.; OPENAI OPCO, LLC; SAM ALTMAN; GREG BROCKMAN**, Defendants.

Case No. **3:26-cv-03028-SK**

# SECOND AMENDED COMPLAINT

Plaintiff **Christopher D. Rockman, Jr.** ("Plaintiff"), proceeding pro se, alleges as follows:

## I. INTRODUCTION

This action arises under the **Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836**, for misappropriation of Plaintiff's trade secret relating to the foundational mechanism underlying the AI architecture later referred to as **"attention"** in the paper *Attention Is All You Need* and subsequently used by OpenAI in its GPT transformer models.

## II. PARTIES

1. Plaintiff **Christopher D. Rockman, Jr.** is an individual residing in California.
2. Defendant **OpenAI, Inc.** is a corporation headquartered in San Francisco, California.
3. Defendant **OpenAI OpCo, LLC** is a related corporate entity.
4. Defendants **Sam Altman** and **Greg Brockman** are individuals associated with OpenAI.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction under **18 U.S.C. § 1836(c)** and **28 U.S.C. § 1331** because Plaintiff asserts a federal DTSA claim.
6. Venue is proper under **28 U.S.C. § 1391(b)** because Defendants reside in this District and a substantial part of the events occurred here.

## IV. IDENTIFICATION OF THE TRADE SECRET

7. Plaintiff alleges that he has identified a specific trade secret, and Defendants' repeated assertions to the contrary are incorrect.

8. The trade secret is the foundational method and structure underlying the mechanism later referred to as **"attention"** in the paper *Attention Is All You Need.*

9. Plaintiff's trade secret consists of the following specific, concrete information: **(a)** An AI system can achieve advanced categorization and relational processing by using an effectively infinite hierarchy of folders and subfolders; and **(b)** An AI-directed method for categorizing, sorting, relating, and processing information within that hierarchy.

10. This is not a vague concept, category, or catch-all phrase.

11. This is the specific mechanism Plaintiff communicated verbally to an employee at a chatbot startup located on Castro Street in Mountain View, California, in or around 2015.

12. Plaintiff alleges that this mechanism is the same structural principle later implemented in the "attention" architecture described in *Attention Is All You Need.*

13. Plaintiff alleges that he told them how to make attention, and that this information is the trade secret.

# V. THE TRADE SECRET WAS NEVER PUBLICLY DISCLOSED

14. Plaintiff alleges that his trade secret was never published, never posted, and never made public.

15. The only disclosure occurred privately and verbally to a single individual at the Castro Street startup.

16. Plaintiff alleges that any prior suggestion of publication was incorrect and clarifies that the trade secret remained confidential until misappropriated.

# VI. OPENAI RECEIVED THE TRADE SECRET

17. Plaintiff alleges that OpenAI received the trade secret because the trade secret's structure and functional mechanism were incorporated into the transformer architecture described in *Attention Is All You Need.*

18. Plaintiff alleges that the chain of disclosure began with his private communication to the Castro Street employee, continued to individuals associated with Google Brain, and resulted in the development of the transformer architecture that OpenAI later adopted and relied upon.

19. Plaintiff alleges that OpenAI's use of the transformer architecture constitutes receipt of Plaintiff's trade secret.

# VII. OPENAI USED THE TRADE SECRET

20. Plaintiff alleges that OpenAI used the trade secret by implementing the transformer architecture — which embodies the same hierarchical, recursive, AI-directed organizational mechanism Plaintiff disclosed — in GPT-1, GPT-2, GPT-3, GPT-4, and subsequent models.

21. Plaintiff alleges that OpenAI benefited economically from this use and did not compensate Plaintiff or any Google Brain researchers who relied on Plaintiff's disclosed information.

## VIII. CLAIM FOR RELIEF — MISAPPROPRIATION OF TRADE SECRET (DTSA)

22. Plaintiff incorporates all preceding paragraphs.

23. Plaintiff possessed a trade secret within the meaning of **18 U.S.C. § 1839(3)**.

24. Defendants acquired and used Plaintiff's trade secret without authorization, in violation of **18 U.S.C. § 1839(5)**.

25. Defendants' misappropriation caused harm to Plaintiff.

## IX. DEFENDANTS' REPETITIVE MISCHARACTERIZATIONS ARE IMPROPER

26. Plaintiff alleges that Defendants' repeated assertions that Plaintiff "has not identified a trade secret" are incorrect, frivolous, and constitute improper re-characterization of allegations that Plaintiff has already stated clearly and specifically.

27. Plaintiff has repeatedly identified the trade secret in prior filings, including the foundational method underlying the mechanism later referred to as "attention." Defendants' continued insistence on treating these allegations as if they do not exist is improper and misleading.

28. Plaintiff alleges that Defendants' strategy of reconstituting the same arguments after Plaintiff has corrected them is an attempt to avoid addressing the substance of the claim and to manufacture deficiencies that are not present.

29. Plaintiff alleges that Defendants' repeated mischaracterizations are not valid grounds for dismissal and should not be credited, as Plaintiff has properly alleged the trade secret, its confidentiality, the chain of disclosure, Defendants' receipt, and Defendants' use.

## X. PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. Damages under **18 U.S.C. § 1836(b)(3)**;
2. Exemplary damages for willful and malicious misappropriation;
3. Reasonable royalties;
4. Injunctive relief;
5. Costs;
6. Any other relief the Court deems proper.

# XI. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

**Respectfully submitted, Christopher D. Rockman, Jr.** Plaintiff, Pro Se Date: 9/29/26